**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

JASON GARSON,

      Plaintiff,                              Case No.

v.

PORTFOLIO RECOVERY
ASSOCIATES, LLC,

      Defendant.

_____/

**<u>DEFENDANT'S NOTICE OF REMOVAL</u>**

      Defendant, Portfolio Recovery Associates LLC, by and through its undersigned counsel and pursuant to Title 28, United States Codes, §§1331, 1441, and 1446, hereby files this Notice of Removal, and in support thereof, states as follows:

      1.      On or about October 17, 2022, Plaintiff initiated an action against Defendant in the County Court of the Seventeenth Judicial District in and for Broward County, Florida, Civil Division, Case Number 2022-CC-006043. A true and correct copy of the Broward County Clerk of Court's civil docket page is attached hereto.

      2.      The Summons and Complaint were served via process server on Defendant's Registered Agent on October 19, 2022. True and correct copies of the Summons, Complaint, and all other process and pleadings served upon Defendant in this cause (except discovery) are attached hereto.

      3.      The Complaint alleges that Defendant violated the Fair Debt Collections Practices Act (hereinafter "FDCPA"), 15 U.S.C. §§ 1692, et seq. in its dealings with Plaintiff.

      4.      "The district courts shall have original jurisdiction of all civil actions arising under

the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. As such, the United

States District Courts have original jurisdiction over Plaintiff's FDCPA claims, as they arise under

the Constitution, laws or treaties of the United States. *Id.*

5.      Defendant is entitled to remove Plaintiffs' FDCPA claims to this Court pursuant to

28 U.S.C. § 1441(a), which states:

> Except as otherwise expressly provided by Act of Congress, any civil action
> brought in a State court of which the district courts of the United States have
> original jurisdiction, may be removed by the defendant or the defendants, to the
> district court of the United States for the district and division embracing the
> place where such action is pending.

6.      Accordingly, Defendant is entitled to remove Plaintiff's FDCPA claims to this

Court because this Court has original jurisdiction over these claims and the state court action filed

by Plaintiff is currently pending in this District and Division. 28 U.S.C. § 1441(a).

7.      A true and correct copy of this Notice of Removal was filed with the Clerk of the

United States District Court within thirty (30) days after service of the Complaint upon Defendant.

28 U.S.C. § 1446(b).

8.      The Notice of Removal attached hereto will be promptly served on all adverse

parties and filed with the Clerk of the State Court in accordance with 28 U.S.C. § 1446(d).

WHEREFORE, Defendant respectfully requests that this case proceed in this Court as an

action properly removed to it.

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on November 8, 2022 a true and correct copy of this document was electronically filed via the Court's CM/ECF Filing System. I further certify that this document was served via email on the following:

> Thomas Patti, Esq.
> Victor Zabaleta, Esq.
> Patti Zabaleta Law Group
> 3323 NW 55th Street
> Fort Lauderdale, FL 33309
> tom@pzlg.legal
> victor@pzlg.legal

> *s/ Robert E. Sickles, Esq.*
> Robert E. Sickles, Esq.
> Florida Bar No. 167444
> robert.sickles@dinsmore.com
> **DINSMORE & SHOHL LLP**
> 201 North Franklin Street, Suite 3050
> Tampa, FL 33602
> Phone: (813) 543-9848
> *Counsel for Defendant*

3