**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

JASON GARSON,

       Plaintiff,           CASE NO.: 0:22-cv-62074-AHS

v.

PORTFOLIO RECOVERY
ASSOCIATES, LLC,

       Defendant.
_____/

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND**
**MEMORANDUM OF LAW IN SUPPORT THEREOF**

Defendant, Portfolio Recovery Associates, LLC ("Defendant"), by and through its undersigned counsel and pursuant to Rule 12 of the Federal Rules of Civil Procedure, hereby files this, its Motion to Dismiss Plaintiff's Complaint, and in support thereof, states as follows:

1. This case arises from alleged attempts by Defendant to collect an unpaid account balance owed by the Plaintiff.

2. Defendant is a company that purchases charged-off debt from original creditors for collection.

3. On or about February 1, 2022, Defendant purchased Plaintiff's delinquent loan account from the original lender, Citibank N.A.

4.      In keeping with Defendant's established procedures and the requirements of the Fair Debt Collections Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA"), and Consumer Financial Protections Bureau - Regulation F, 12 C.F.R. § 1006 ("Reg F"), Defendant sent Plaintiff a validation notice on or about April 4, 2022. Compl., Exhibit "A"

5.      The format and information contained in the validation notice mirror the format and information in Model Form B-1 contained in 12 C.F.R. Part 1006 Appendix B.

6.      Plaintiff filed a Complaint on or about September 7, 2022, alleging a single count that Defendant violated provisions of the FDCPA, specifically 15 U.S.C. §§ 1692e, 1692f, and 1692g, as well as Reg F, specifically 12 C.F.R. 1006.34(c)(2)(iii).

7.      However the Complaint fails to state a claim upon which relief may be granted. The "Collection letter" identified by the Plaintiff in the Complaint is fully compliant in form and information with the requirements identified in 12 C.F.R. § 1006.34(c)(2) and, therefore, the letter does not constitute a violation of Reg F or the FDCPA.

8.      Accordingly, this Court should dismiss Plaintiff's Complaint for failure to state a claim and award Defendant its attorney's fees and costs pursuant to the applicable statutory sections of the FDCPA.

## STANDARD OF REVIEW

To survive a motion to dismiss under Rule 12(b)(6), a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. This "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Wilchombe v. Tee Vee Toons, Inc.*, 555 F.3d 949, 958 (11th Cir. 2009) (citing *Twombly*, 550 U.S. at 555). Moreover, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . ." *Twombly*, 550 U.S. at 555.

Additionally, "[t]he court may consider a document attached to a motion to dismiss without converting the motion into one for summary judgment if the attached document is (1) central to the plaintiff's claim and (2) undisputed. In this context, 'undisputed' means that the authenticity of the document is not challenged." *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005). Model Form B-1 contained in 12 C.F.R. 1006 Appendix B ("Model Form B-1") is central to this dispute and undisputed because it is contained in the federal regulation central to

Plaintiff's claim. A copy of the Model Form B-1 is attached as an Exhibit 1 for ease of reference.

## MEMORANDUM OF LAW

### I. Plaintiff Fails to State a Claim Upon Which Relief May Properly be Granted

Congress enacted the FDCPA to: (a) stop debt collectors from using abusive debt collection practices; (b) insure that debt collectors who refrain from such practices are not competitively disadvantaged; and (c) promote consistent State action to protect consumers from such practices. 15 U.S.C. § 1692(e). To that end, "[t]he FDCPA imposes liability on 'debt collectors' who fail to comply with its provisions when collecting a 'debt.'" *Buckman v. Am. Bankers Ins. Co. of Fla.*, 115 F.3d 892, 894-95 (11th Cir. 1997) (citing 15 U.S.C. § 1692k).

To prevail on a FDCPA claim, a plaintiff must prove that: (1) the plaintiff has been the object of consumer debt collection activity; (2) the defendant is a "debt collector" under the FDCPA; and (3) that "the defendant has engaged in an act or omission prohibited by the FDCPA.'" *Kaplan v. Assetcare, Inc.*, 88 F.Supp.2d 1355, 1360–61 (S.D.Fla. 2000).

### II. Plaintiff Fails to Allege Defendant Violated Reg F

Defendant's alleged violation of Reg F contained in the complaint is based entirely on the content of the letter Defendant sent to Plaintiff on or about April 4, 2020 as a verification notice. Compl. ¶ 50. This letter was sent in accordance with

the requirements of 12 C.F.R. 1006.34(c). In doing so Defendant used a form letter that is in all material respects identical to Model Form B-1. *Vt. Pure Holdings, Ltd. v. Nestle Waters N. Am., Inc.*, No. 03-11465-DPW, 2006 U.S. Dist. LEXIS 13683, at *15 (D. Mass. Mar. 28, 2006) (holding items such as statutes and regulations are identical if the language is substantially the same and any difference between the two items does not create dissimilar requirements). The purpose of this letter was to provide the consumer with information regarding the debt and ensure they are not being held liable for the debt of another. *Huckfeldt v. BAC Home Loans Servicing, LP*, Civil Action No. 10-cv-01072-MSK-CBS, 2011 U.S. Dist. LEXIS 111581, at *20 (D. Colo. Sep. 29, 2011). Additionally, 12 C.F.R. § 1006.34(d)(2) clearly states, if a debt collector uses Model Form B-1 as its verification notice, the debt collector "complies with *both information and form* of the requirements" contained in 12 C.F.R. § 1006.34(c). 12 C.F.R. § 1006.34(d)(2)(emphasis added).

It is axiomatic that the use of a form that complies with both the information and form requirements of the pertinent Rules would include compliance with the requirement that a debt collector provide "the name of the creditor to whom the debt was owed on the itemization date" which is required by 12 C.F.R. § 1006.34(c)(iii). Thus, based on Defendant's use of a form letter identical to Model Form B and the clear safe harbor contained in 12 C.F.R. 1006.34(d)(2), Defendant was in compliance with the information requirements contained in 12 C.F.R.

1006.34(c)(3)(iii) and did not violate Reg F, and the Plaintiff has failed to state a claim upon which relief may be granted.

To the extent that Plaintiff may argue that Defendant's form letter is deficient under the requirements of 12 C.F.R. 1006.34(c)(2)(iii) because it does not explicitly identify CITIBANK N.A. as the "creditor to whom the debt was owed on the itemization date." It is first reasonable to point out that such an interpretation flies in the face of the clear wording of the Model Form, as discussed above. Simply put, if the Rule required additional disclosures, then the Model Form for which a safe harbor provision exists, would also include those disclosures. Otherwise, the use of the Model Form itself creates a violation or Reg F and the FDCPA which is clearly not the intent of the Rule which creates the Model Form.

Further, such an interpretation misreads the plain language of the statute. Reg F requires the debt collector to "provide" the requirements listed in 12 C.F.R. 1006.34(c), and does not require debt collectors to specifically label or highlight the holder of the debt on the itemization date. 12 C.F.R. 1006.34(c). That was what was done in this instance, as the name of the creditor is provided and there are no allegations to the contrary.

In fact, 12 C.F.R. 1006.34 only uses the word "identify" a single time, it is found in 12 C.F.R. 1006(d)(3)(ii), a section that deals with "optional disclosures" by the debt collector in the validation notice. If Plaintiff believes Reg F requires

something more than the simple plain language meaning of the word "provide" as written in the Rule and as disclosed on the Model Form, then Plaintiff must plead sufficient facts to support a reasonable inference of this requirement. *Iqbal*, 129 S. Ct. at 1949. However, no such factual basis is provided in the Complaint. Thus, assuming this was Plaintiff's assertion in the Complaint, it again fails for failure to state a claim upon which relief can be properly granted.

**III.     Plaintiff Fails to Allege that Defendant Did Not Identify the Correct Creditor and Correct Itemization Date**

A discussed in the previous section, Defendant used the Model Form to conduct its verification notice. Plaintiff does not dispute this fact and, in fact, attaches the letter to the Complaint. Compl.  Exhibit "A." On the letter it clearly states "You had a WAWA account from CITIBANK N.A." *Id*. Furthermore, the paragraph at the top of the verification notice clearly identifies CITIBANK N.A. as the previous creditor. *Id*. Even based on the "least sophisticated consumer standard" used to interpret the FDCPA it is clear that the holder of the debt was identified as CITIBANK N.A. *Pinson v. JPMorgan Chase Bank, Nat'l Ass'n*, 942 F.3d 1200, 1210 (11th Cir. 2019) (holding that the FDCPA's "least sophisticated consumer" possess[es] a rudimentary amount of information about the world and a willingness to read a collection notice with some care).  If the Plaintiff is claiming that CITIBANK N.A. was not the holder of the debt on the itemization date, then Plaintiff must plead those facts in order to state a claim.  To the contrary, the complaint

provides no allegations at all that CITIBANK N.A. did not hold the Plaintiff's debt on the itemization date. Instead, Plaintiff simply makes the repeated conclusory accusation that Defendant failed to "identify the creditor to whom the Consumer debt was owed on December 30, 2021." Compl. 45-54. Such conclusory accusations are insufficient to substantiate a claim. *Wilchombe*, 555 F.3d at 955, 958 (holding that conclusory accusations do not provide a factual basis for inferring a claim); *Iqbal*, 129 S. Ct. at 1949 (holding plaintiff is required to "state factual content that allows the court to draw the reasonable inference"). Thus, the Complaint completely fails to offer any factual basis for the claim at all, and, the Plaintiff fails to make a claim upon which relief can be granted.

## IV.    All Alleged Violations of the FDCPA are Fatally Flawed

Plaintiff alleges Defendant violated provisions of the FDCPA, specifically, 15 U.S.C. §§ 1692e, 1692f, and 1692g. 15 U.S.C. § 1692e prohibits debt collectors from using "false, deceptive, or misleading representation[s] … in connection with the collection of any debt." *Sheriff v. Gillie*, 136 S. Ct. 1594, 1598 (2016). 15 U.S.C. § 1692f prohibits debt collectors from engaging in means of collection considered unfair and unconscionable. *Midland Funding, LLC v. Johnson*, 137 S. Ct. 1407, 1410 (2017). Finally, 15 U.S.C. § 1692fg sets out the information requirements a debt collector must provide to a consumer in an initial notice, *Sheriff*, 136 S. Ct. at 1598. Proving

8

any of these violations is an essential element of the Plaintiff's claim. *Kaplan*, 88 F.Supp.2d at 1360–61.

However, as stated above, the entire basis of each of the Plaintiff's claims regarding the FDCPA is that the letter sent on April 4, 2022, was not in compliance with the requirements of 12 C.F.R. 1006.34(c)(2)(iii). Compl. ¶ 54. In the complaint, Plaintiff conditions all alleged violations of the FDCPA with the phrase "by failing to identify in the Collection Letter the name of the creditor to whom the debt was owed on December 30, 2021, because Defendant is required by 12 C.F.R. § 1006.34(c)(2)(iii) to make such an identification in the Collection Letter[.]" Compl. ¶¶ 51-53.

As set forth more fully above, Defendant did not violate Reg F and Plaintiff has failed to plead the necessary facts to support the allegations that underlie all of the claims. Thus, all alleged violations of the FDCPA lack any factual content to support a "reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (holding that for a defendant's alleged misconduct to be facially plausible a Plaintiff must plead factual content). Indeed, the statement that Defendant failed to provide the name of the creditor on the itemization date is a demonstrably false statement, as demonstrated above, and this critically undermines the Plaintiff's claims that Defendant violated 15 U.S.C. §§ 1692e, 1692f, and 1692g. *Id*. Essentially, each of Defendant's FDCPA violation claims fails to provide a

factual basis for the court to draw a reasonable inference as required by *Iqbal.* 129 S. Ct. at 1949. Therefore, the allegations contained in paragraphs 50-54 of the Complaint fail to state a claim upon which relief may properly be granted and Plaintiff's complaint must be dismissed.

## II. Conclusion

For the foregoing reasons, the Defendant submits that the Plaintiff fails to state any claim against the Defendant upon which relief can properly be granted, under either Reg F or the FDCPA, and the complaint must be dismissed.

WHEREFORE, Defendant respectfully requests that this Court enter an order granting this motion, dismissing Plaintiff's Complaint with prejudice, awarding Defendant its reasonable attorney's fees and costs, and granting Defendant such other and further relief as the Court deems just and proper.

*s/ Robert E. Sickles, Esq.*
Robert E. Sickles, Esq.
Florida Bar No. 167444
robert.sickles@dinsmore.com
**DINSMORE & SHOHL LLP**
201 North Franklin Street, Suite 3050
Tampa, FL 33602
Phone: (813) 543-9848
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 17, 2022, a true and correct copy of

this document was electronically filed via the Court's CM/ECF Filing System on the following:

>Thomas Patti, Esq.
>Victor Zabaleta, Esq.
>Patti Zabaleta Law Group
>3323 NW 55th Street
>Fort Lauderdale, FL 33309
>tom@pzlg.legal
>victor@pzlg.legal

>*s/ Robert E. Sickles, Esq.*
>Robert E. Sickles, Esq.
>Florida Bar No. 167444